UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

CHARLTON LANDO CARTER,                                                                          PLAINTIFF

V.                                                                     CIVIL ACTION NO. 1:21-CV-344-LG-RPM

JACKSON COUNTY,                                                                                 DEFENDANT

## REPORT AND RECOMMENDATIONS

On November 4, 2021, plaintiff Charlton Lando Carter ("Carter"), proceeding *pro se* and *in forma pauperis*, filed a 42 U.S.C. § 1983 ("Section 1983") prisoner civil rights Complaint against nonparty Jackson County Adult Detention Center ("JCADC") on grounds of medical deliberate indifference. Doc. [1]. JCADC was subsequently dismissed from the case as an improper defendant; Carter sued Jackson County in its stead. Doc. [9]. After waiving service of process, Jackson County filed an Answer to the Complaint on March 16, 2022. Doc. [12, 19].

On June 6, 2022, the Court set this matter for a screening hearing to be conducted on July 11, 2022 at 9:00 AM and mailed a Notice of Hearing to Carter at his current address of record: Jackson County Adult Detention Center, 65 Bruce Evans Drive, Pascagoula, MS 39567. Doc. [21, 22]. Mail sent to Carter has been returned as "Undeliverable" since February 8, 2022. Doc. [16, 17, 18]. Since filing his Complaint, Carter has not submitted a change of address. Nor has Carter filed any pleading with the Court since January 7, 2022. Doc. [9]. Nevertheless, the Court has repeatedly warned Carter that it is his responsibility to keep his address up to date. Doc. [3, 4, 7, 8, 10].

On July 11, 2022, the Court came to order at the appointed time and announced Carter's case. Counsel for defendants was present; however, Carter did not appear for the hearing. His name was called in the courtroom three times without response. The Courtroom Deputy then went into the hallway and called Carter's name three times but received no response. Based on Carter's failure to maintain a current address and failure to appear for the hearing, the Court finds that he no longer demonstrates an interest in

prosecuting his claims. Fed. R. Civ. P. 41(b). *See also McCullough v. Lynaugh,* 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam).

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that plaintiff Charlton Lando Carter's 42 U.S.C. § 1983 civil rights complaint be dismissed without prejudice for failure to prosecute.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

**SO ORDERED AND ADJUDGED**, this the 13th day of July 2022.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE